UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Labeed Nouri, and Rouwaida Nouri,

      Plaintiffs,

v.                                    Case No. 10-12436

TCF Bank, *et al.*,                  Honorable Sean F. Cox

      Defendants.
_____/

## OPINION & ORDER

After being convicted of one count of first-degree criminal sexual conduct and two counts of fourth-degree criminal sexual conduct in Oakland County Circuit Court, Plaintiff Labeed Nouri was initially released on bond.  After his conviction and while he was free on bond, Plaintiff and his wife sought to withdraw large amounts of cash from their bank accounts.  Employees of the bank, who were aware of Plaintiff's recent criminal conviction, contacted the Assistant Oakland County Prosecutor who subsequently filed a successful motion to revoke Plaintiff's bond.  Plaintiff was ultimately sentenced to 10 to 20 years for the first-degree criminal sexual conduct conviction and 16 months to two years for each of the fourth-degree criminal sexual conduct convictions.   Plaintiff is currently incarcerated.

Acting *pro se*, Plaintiff filed this action on his own behalf, and purportedly on behalf of his wife.  Plaintiff's Amended Complaint asserts 16 different counts against: 1) the bank and several of its employees; 2) the Assistant Oakland County Prosecutor who filed the motion to revoke his bond, along with the current and former Oakland County Prosecutors, and Oakland

1

County; and 3) Krystal Kirma, the victim of the underlying assault.

The matter is currently before the Court on: 1) a motion to dismiss filed by the bank and its employees ("the TCF Defendants"); 2) a motion to dismiss filed by the Oakland County Defendants; and 3) a Motion to Dismiss filed by Defendant Kirma.  The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motions will be decided upon the briefs.

For the reasons that follow, the Court shall dismiss all claims purportedly brought on behalf of Plaintiff's wife, Rouwaida Nouri, in this action.

The Court shall grant Defendant Kirma's Motion to Dismiss and dismiss her from this action.

The Court shall grant the TCF Defendants' Motion to Dismiss in part and shall deny the motion in part.  The motion shall be denied to the extent that the Court declines to dismiss that portion of Count X that asserts a claim against Defendant TCF Bank.  The motion shall be granted to the extent that Court shall dismiss Counts I, III, IV, V, VI, VII, VIII, XI, XII, XIII, XIV, and that portion of Count X that asserts a claim against the individual TCF Defendants. The Court shall decline to exercise supplemental jurisdiction as to Plaintiff's state-law claims and therefore shall dismiss Counts II, IX, XV, and XVI.

The Court shall also grant the Oakland County Defendants' Motion to Dismiss and dismiss them from this action.

Accordingly, Plaintiff's only claim that remains in this action is that portion of Count X

2

that asserts a claim against TCF Bank.

## BACKGROUND

Plaintiff Labeed Nouri was charged with the sexual assault of one of his employees, Krystal Kirma. Following a jury trial in Oakland County Circuit Court, he was convicted of one count of first-degree criminal sexual conduct, in violation of M.C.L. § 750.520b(1)(f), and two counts of fourth-degree criminal sexual conduct, in violation of M.C.L. § 750.520e(1)(b). After his May 7, 2008 conviction, Judge Mark Goldsmith granted Labeed Nouri bond, but required that he wear a GPS tether.

On or about May 16, 2008, then Assistant Prosecuting Attorney Hala Jarbou filed an emergency motion asking the Court to revoke the bond. That motion stated that Defendant had failed to charge the battery for his tether, thereby making his whereabouts unknown for a period of time, and that the prosecution had learned that Defendant planned to make a significant or complete withdrawal of money from his TCF Bank accounts.

Judge Goldsmith held bond revocation hearings on May 16, 2008, and May 18, 2008. During those hearings, the Court heard testimony regarding Labeed and Rouwaida Nouri's actions to withdraw large amounts of cash from their accounts at TCF Bank shortly after Labeed Nouri's conviction. For example, Scott Pardon, Vice President and Michigan security officer at TCF Bank, testified that on May 8, 2008, Labeed and Rouwaida Nouri came into the bank and requested to make a cash withdrawal of $160,000.00. (*See* Tr. of 5/19/08 Bond Revocation Hrg. at 27-29). He testified that because the bank branch did not have enough cash to satisfy the request, the Nouris were told that they had to make a written request and pick up the requested cash at a later date. Judge Goldsmith ultimately granted the prosecution's motion and revoked

3

Labeed Nouri's bond in an order issued on May 20, 2008.

Labeed Nouri was ultimately sentenced to 10 to 20 years for the first-degree criminal sexual conduct conviction and 16 months to two years for each of the fourth-degree criminal sexual conduct convictions.  He is currently incarcerated.

Acting *pro se*, Labeed Nouri filed this action on June 22, 2010, purporting to represent himself and his wife, Rouwaida Nouri.  On October 13, 2010, Plaintiff filed an Amended Complaint, which asserts claims against the following Defendants: 1) TCF Bank; 2) Sandra Alatto; 3) Rose Bakow;  4) Rolanda Bussey; 5) Scott Pardon; 6) Gary Fineman; 7) Bob Borgstrom; 8) Krystal Kirma; 9) David Gorcyca; 10) Jessica R. Cooper; 11) Hala Jarbou; and 12) "Municipality of Oakland County."  This Court has subject matter jurisdiction based on federal question jurisdiction.

Ms. Alatto, Ms. Bakow, Bussey, Mr. Pardon, Mr. Fineman and Mr. Borgstrom are employees of TCF Bank (collectively "the TCF Defendants").

Ms. Jarbou was an assistant prosecuting attorney for Oakland County who was involved in Labeed Nouri's case and filed the motion seeking to revoke his bond.  David Gorcyca is the former Oakland County Prosecutor and Jessica R. Cooper is the current Oakland County Prosecutor.  The Court shall refer to these Defendants, along with Oakland County, collectively as "the Oakland County Defendants."

Krystal Kirma is the victim Labeed Nouri was convicted of assaulting.

The Amended Complaint asserts the following sixteen counts: "Violation of Privacy Act 5 USC § 552a (b)" (Count I); "Breach of Contract" (Count II); "Violation of the Fair Warning Requirements of the Due Process Clause of the Fifth Amendment" (Count III); "Violation of the

4

Fourth Amendment of the Constitution by an 'unreasonable search and seizure' by an Oakland County Prosecutor, Defendant Hala Jarbou, and TCF Bank" (Count IV); "Violation of Plaintiffs' Fourteenth Amendment Rights of the United States Constitution for Due Process of Law" (Count V); "Violation of the Bank Secrecy Act, 12 USC § 1829b; 31 USC § 5311" (Count VI); "Civil Rights violation pursuant to 42 USC 1983, 1985, 1986, and 1988 for conspiracy to interfere with civil rights" (Count VII); "Civil Rights violation pursuant to 42 USC 1983 for False Arrest/False Imprisonment" (Count VIII); "State claims of Gross Negligence and willful and wanton misconduct of all Defendants" (Count IX); "Violation of the Financial Privacy Act 12 U.S.C.A. § 3401-3422, by unauthorized disclosure of financial records" (Count X); "Violation of the Bank Secrecy Act 12 § 221(a)(1), and U.S.C.A. § 1829(a)1 by reporting without existing legal process" (Count XI); "Violation of Fair Credit Reporting Act (FRCA) 15 U.S.C.A. § 1681-1681u, by reporting without subpoena or warning notice to the Plaintiffs" (Count XII); "Violation of U.S.C.A. 26 § 7602 of the requirement for the government to seek records only by subpoena" (Count XIII); "Violation of the fifth amendment right against self incrimination" (Count XIV); "Breach of the Fiduciary Duty and Trust by a Bank to its clients" (Count XV); and "Defamation and Slander of Plaintiffs by False allegations that the attempted withdrawal was intended for the plaintiffs to use funds to flee the United States Jurisdiction or any other illegal action that defendants' inferred to or tried to infleuence [sic] the court's decision to revoke Plaintiffs' bond and caused Plaintiff Nouri defamation and incarceration" (Count XVI).  Plaintiffs' claimed damages consist of:

> (A) Pain and suffering of incarceration, loss of freedom and liberty, and emotional, physical, and mental distress:
>> (1) Plaintiff Labeed Nouri was diagnosed with major depression and

anxiety and was prescribed a variety of antidepressant and antianxiety
medication as a result of his incarceration.  Plaintiff Rouwaida Nouri was
also prescribed antidepressant medications.
(2) Plaintiff (Mr. Nouri) was a victim of 3 (three) serious physical assaults
while in custody . . .
(B) Reasonable medical, dental, and hospital expenses.
(C) Loss of wages.
(D) Loss of earning capacity.
(E) Current loss of career as a physician and Orthopedic surgeon.
(F) Loss of association of Plaintiff Labeed Nouri with children and family;
and loss of association of Plaintiff Rouwaida Nouri with spouse.

(Am. Compl. at 8-9).

The matter is currently before the Court on: 1) a Motion to Dismiss brought by the TCF
Defendants; 2) a Motion to Dismiss brought by the Oakland County Defendants; and 3) a Motion
to Dismiss brought by Defendant Kirma.

ANALYSIS

A.    The Court Shall Dismiss All Claims Purportedly Brought On Behalf Of Rouwaida Nouri
      In This Action.

Before considering Defendants' various grounds for relief, the Court must consider a
threshold issue – the identity of the plaintiff in this action.

Plaintiff Labeed Nouri purports to file this action on his own behalf and on behalf of his
wife, Rouwaida Nouri.  However, only Labeed Nouri signed the complaint and the amended
complaint.  (*See* Docket Entry No. 1 at 10 & Docket Entry No. 17 at 14).  Thus, the documents
filed in this action do not establish that Rouwaida Nouri consented to the filing of this lawsuit.

Moreover, a party in federal court must proceed either through licensed counsel or on his
or her own behalf.  *See* 28 U.S.C. § 1654; *see also* FED. R. CIV. P. 11(a) ("[e]very pleading,
written motion, and other paper shall be signed by at least one attorney or record in the attorney's

6

individual name, or, if the party is not represented by an attorney, shall be signed by the party."). No *pro se* plaintiff may sign pleadings on behalf of another plaintiff. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002). Where a person attempts to proceed *pro se* on behalf of another, the appropriate remedy is dismissal. *Id*.; *see also Jackson v. Caldwell*, 2009 WL 4042917 (E.D. Mich. 2009).

Accordingly, the Court shall dismiss all claims purportedly brought on behalf of Rouwaida Nouri in this action.

B.    Plaintiff's Amended Complaint Fails To State A Claim Against Defendant Krystal Kirma.

In her Motion to Dismiss, Defendant Kirma states that although Plaintiff's First Amended Complaint contains numerous counts, the complaint lacks any factual allegations to support even one of the various "Counts put forth in their Amended Complaint as to Defendant Krystal Kirma." (Def. Kirma's Br. at 7).

The caption of the Amended Complaint lists Krystal Kirma as a Defendant. The body of the Amended Complaint, however, does not indicate which count or counts Plaintiff seeks to assert against Defendant Kirma.

In responding to Defendant Kirma's Motion to Dismiss, Plaintiff asserts that he should be allowed to proceed with a § 1983 claim against Defendant Kirma. Plaintiff's response does not indicate that he intended to assert any other claims against Defendant Kirma.

The Court shall grant Defendant Kirma's motion and dismiss Plaintiff's claims against her. Plaintiff's Amended Complaint contains no factual allegations whatsoever pertaining to any conduct by Defendant Kirma. Thus, the Amended Complaint fails to state *any* cause of action

against Defendant Kirma.

C.    The TCF Defendants' Motion For Summary Judgment Shall Be Granted In Part And Denied In Part.

In their Motion to Dismiss, the TCF Defendants seek dismissal of Plaintiffs claims on numerous grounds.

1.    Plaintiff's Privacy Act Claim Against The TCF Defendants (Count I) Fails Because The Act Only Applies To Federal Agencies.

Count I asserts claims against Defendants under the Privacy Act, 5 U.S.C. § 552a(b).  The Privacy Act, however, applies only to federal agencies.  *Schmitt v. City of Detroit*, 395 F.3d 327, 329 (6th Cir. 2005).  As the TCF Defendants note in their Motion for Summary Judgment, none of the Defendants in this action are federal agencies.

Moreover, contrary to Plaintiff's assertions in his response, "the Privacy Act does not apply to national banks."  *Ford v. Bank of America,* 221 F.3d 1351 (10th Cir. 2000); *United States v. Miller*, 643 F.2d 713, 715 n.1 (10th Cir. 1981).

Thus, Count I shall be dismissed as to the TCF Defendants.[1]

2.    Plaintiff's Amended Complaint Fails To State Viable Constitutional Violations Or § 1983 Claims Against The TCF Defendants.

Plaintiff's Amended Complaint references the United States Constitution and various amendments, including the Fourth, Fifth, and Fourteenth.

"The Constitution structures the National Government, confines it actions, and, in regard to certain individual liberties and other specified matters, confines the actions of the State.  With

---

[1]Plaintiff does not appear to assert this Count against the Oakland County Defendants. Moreover, even if he had, the Court would conclude that Count I also fails to state a claim against the Oakland County Defendants.

8

a few exceptions, such as the provisions of the Thirteenth Amendment, constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 619 (1991); *see also Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978) ("[M]ost rights secured by the Constitution are protected only against infringement by governments.").  A private citizen is not liable for an alleged constitutional violation unless: (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority," and (2) "the private party charged with the deprivation could be described in all fairness as a state actor."  *Edmonson*, 500 U.S. at 619.

Plaintiff's Amended Complaint also asserts § 1983 claims against Defendants.  (*See* Counts VII & VIII of Pl.'s Am. Compl.).

Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "Section 1983 authorizes a party who has been deprived of a federal right under the color of state law to seek relief" through an action at law.  *City of Monterey v. Del Monte Dunes at Montery, Ltd.*, 526 U.S. 687, 707 (1999).   To state a claim under § 1983, a plaintiff must alleged facts to establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law.  *Dominguez v. Correctional Medical Services,* 555 F.3d 543, 549 (6th Cir. 2009).

Plaintiff's Amended Complaint does not allege that the TCF Defendants are state actors or that they acted under the color of state law.  Accordingly, the Court concludes that Counts III, IV, V, VIII, XIV must be dismissed as to the TCF Defendants.  The portion Count VII that

asserts a claim based on § 1983 shall also be dismissed as to the TCF Defendants.

In addition, even if Plaintiff had alleged that the TCF Defendants acted under color of state law, the Court concludes that the above claims would still fail to state a claim for other reasons.

a.     <u>The Fair Warning Requirement Of The Due Process Clause Has No Application To This Case.</u>

For example, Count III of Plaintiff's Amended Complaint, asserted against the TCF Defendants, alleges a "Violation of the Fair Warning Requirements of the Due Process Clause of the Fifth Amendment." (Am. Compl. at 10). Plaintiff alleges that the TCF Defendants failed to inform him that his request for money would be reported to the Oakland County Prosecutor.

The TCF Defendants contend that this count fails to state a claim against them because the fair warning requirements of the Due Process Clause of the Fifth Amendment, which protects citizens from cryptic criminal statutes, has no application in this case. The Court agrees.

"The fair warning requirement, which springs from the Due Process Clause, protects defendants from *criminal liability*." *United States v. Lewis*, 368 F.3d 1102, 1105 n.3 (9th Cir. 2004) (emphasis added). As explained in *Baker,* the general rule that citizens are presumed to know the law "is not absolute, and may be abrogated when a law is 'so technical or obscure that it threatens to ensnare individuals engaged in apparently innocent conduct,' because to presume knowledge of such a law would violate a core due process principle, namely that citizens are entitled to fair warning that their conduct may be criminal." *United States v. Baker*, 233 F.3d 394, 397-98 (6th Cir. 2000). Thus, Count III of Plaintiff's complaint would fail to state a claim against Defendants even if Plaintiff had alleged that they were acting under the color of state law.

10

      b.     <u>Count IV Would Also Fail To State A Claim Because The Amended</u>
              <u>Complaint Contains No Allegations Regarding Any Search Or Seizure.</u>

Count IV of Plaintiff's Amended Complaint would also fail to state a claim against the

TCF Defendants even if Plaintiff had alleged that they acted under color of state law.  That count

alleges, in its entirety, "Violation of the Fourth Amendment of the Constitution by an

'unreasonable search and seizure' by an Oakland County Prosecutor, Defendant Hala Jarbou, and

TCF Bank."  (Am. Compl. at 10).  Plaintiff alleges that TCF employees, who were aware of

Plaintiff's recent criminal conviction, verbally notified the Prosecutor that Plaintiff was

requesting to withdraw large amounts of cash from the bank.  As the TCF Defendants note, there

are no allegations in the Amended Complaint regarding any search or seizure. (TCF Defs.' Reply

Br. at 4).

      c.     <u>Plaintiff's § 1983 Claims, Which Seek Damages Caused By His</u>
              <u>Incarceration, Would Also Fail To State A Claim Because Plaintiff's</u>
              <u>Allegations Do Not Plausibly Establish That Defendants Caused Such</u>
              <u>Damages.</u>

In order for Plaintiff to prevail on his § 1983 claims, he must establish that Defendants

caused his alleged injuries.  *White v. Gerbitz*, 892 F.2d 457, 463 (6th Cir. 1989); *Powers v.*

*Hamilton County Public Defender Comm'n*, 501 F.3d 592, 608 (6th Cir. 2007).

"To survive a motion to dismiss, Plaintiff's allegations must plausibly establish" that

Defendants are legally responsible for Plaintiff's alleged damages.  *Paige v. Coyner*, 614 F.3d

273, 281 (6th Cir. 2010).  This requires Plaintiff to allege sufficient facts on causation to avoid

the dismissal of his complaint as a matter of law.  *Id.*

Here, Plaintiff's allegations do not plausibly establish that Defendants' alleged actions

were legally responsible for his alleged damages, which consist of: 1) pain and suffering,

physical and emotional distress, and loss of freedom and liberty, all due to incarceration; 2) depression due to incarceration; 3) loss of career as physician, loss of wages, and loss of earning capacity; and 4) loss of association with his wife and children due to incarceration.  (Am. Compl. at 8-9).

Plaintiff's criminal conviction on May 7, 2008, resulted in a prison sentence exceeding ten years.  Thus, as a matter of law, Plaintiff's criminal conviction caused his incarceration, and thus his alleged damages caused by his incarceration such as pain and suffering, depression, and loss of association with family members.

Plaintiff cannot recover such damages from the TCF Defendants, because Plaintiff cannot establish that the TCF Defendants' alleged actions – taken after his criminal conviction on May 7, 2008 –  caused his incarceration.

Plaintiff's May 7, 2008 felony conviction also caused the suspension of his professional license because Michigan's Public Health Code provides for the mandatory summary suspension of a health professional's licence upon the conviction of a felony.  Thus, Plaintiff's criminal conviction is the cause of Plaintiff's loss of his career as a physician.

3.   Count VI Fails To State A Claim.

Count VI of Plaintiff's Amended Complaint asserts a "Violation of the Bank Secrecy Act, 12 USC § 1829; 31 USC § 5311."  The body of this counts states, in its entirety, that "[t]his includes a violation of Right to Privacy in the conducting of Plaintiffs' financial affairs by Defendants' illegal and unauthorized search and disclosure of their financial affairs."  (Am. Compl. at 11).

Section 1829(a) prohibits person convicted of certain criminal offenses from owning,

controlling, or participating in the affairs of a federally-insured depository institution.  12 U.S.C.

§ 1829(a).  Section 1829(b) then sets forth the penalty for violations of § 1829(a).  The statute

has no application to this case and Count VI does not state a claim under § 1829 against the TCF

Defendants.

Plaintiff also fails to state a claim under 31 U.S.C. § 5311, popularly known as the Bank

Secrecy Act, which requires financial institutions to file reports regarding certain monetary

transactions.  The "the Bank Secrecy Act does not create a private right of action."  *AmSouth v.

Dale*, 386 F.3d 763, 777 (6th Cir. 2004); *see also El Camino Resources, Ltd. v. Huntington Nat.

Bank*, 722 F.Supp.2d 875, 923 (W.D. Mich. 2010) (It is "well settled that the anti-money-

laundering obligations of banks, as established by the Bank Secrecy Act, obligate banks to report

certain customer activity to the government but do not create a private cause of action.").

Accordingly, Count VI fails to state a claim against the TCF Defendants.[2]

4.     Plaintiff Fails To State A Civil Rights Conspiracy Claim.

Count VII of Plaintiff's Amended Complaint alleges a civil rights conspiracy under 42

U.S.C. § 1985 and § 1986. Plaintiff alleges that the "action of TCF Bank and it's employees

Sandra Alatto and others as a private party conspired with official party under color of state law,

Hala Jarbou, amounted to a level of civil conspiracy that caused damages to Plaintiffs."  (Am.

Compl. at 11).

The TCF Defendants contend that Count VII should be dismissed because Plaintiff has

failed to state a civil rights conspiracy claim under 42 U.S.C. § 1985 or § 1986.  The Court

_____

[2]Plaintiff does not appear to assert this Count against the Oakland County Defendants.
Moreover, even if he had, the Court would conclude that Count VI also fails to state a claim
against the Oakland County Defendants for these same reasons.

13

agrees.

"Section 1985(3)[3] prohibits a conspiracy 'for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws.'" *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting 42 U.S.C. § 1985(3)).   To prevail on a § 1985(3) claim, a plaintiff must show: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; 3) an act in furtherance of the conspiracy; 4) whereby a person is injured in his person or property. *Radvansky*, 395 F.3d at 314.  "Moreover, the Supreme Court has stated that '[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" *Id.*

In other words, § "1985(3) only covers conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause; and 2) those individuals who join together as a class for the purpose of asserting certain fundamental rights." *Mayers v. Sedgwick Claims Mgmt. Svs., Inc.*, 101 Fed.Appx. 591, 593 (6th Cir. 2004).  "Thus, the plaintiff must show that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Id.*

Here, Plaintiff's complaint contains no allegations of racial animus or other class-based

_____

[3]Although Plaintiff's Amended Complaint does not specify that he is asserting his conspiracy claim pursuant to § 1985(3), the first and second subsections of § 1985 (which pertain to preventing an officer from performing duties and intimidating witnesses and jurors) do not apply here.  Thus, Plaintiff would not state a claim under § 1985 (1) or (2).

14

animus.  Thus, Plaintiff has failed to state a claim upon which § 1985 relief can be granted.

"Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and 'having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so.'" *Radvansky,* 395 F.3d at 314 (quoting 42 U.S.C. § 1986).  "But, '[w]here a plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1985." *Id*. at 315.  Thus, Plaintiff also fails to state a claim under § 1986.

> 5. Count X Does Not State A Claim Against The Individual TCF Defendants And TCF Bank's Challenges To This Claim Should Be Raised In A Motion For Summary Judgment, Rather Than A Motion To Dismiss.

Count X of Plaintiff's Amended Complaint alleges, in its entirety, "Violation of the Financial Privacy Act 12 U.S.C.A. § 3401-3422, by unauthorized disclosure of financial records."  (Am. Compl. at 12).

The TCF Defendants contend that this count must be dismissed on several grounds.

First, they contend that Act only applies to federal actors and because the bank is not a federal body, it cannot be liable under the Act.  (TCF Defs.' Br. at 20).  The Court disagrees.

Section 3403 provides, in pertinent part, that "No financial institution, or officer, employees, or agent of a financial institution, may provide to any Government authority access to or copies of, or the information contained in, the financial records of any customer except in accordance with the provisions of this chapter."  12 U.S.C. § 3403(a).  Section 3417(a) provides:

(a) Liability of agencies or departments of United States or financial institutions

> Any agency or department of the United States *or financial institution* obtaining or disclosing financial records or information contained therein in violation of this chapter is liable to the customer to whom such records relate in an amount equal to the sum of –

> (1) $100 without regard to the volume of records involved;
> (2) any actual damages sustained by the customer as a result of the disclosure;
> (3) such punitive damages as the court may allow, where the violation is found to have been willful or intentional; and
> (4) in the case of any successful action to enforce liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

12 U.S.C. § 3417(a) (emphasis added). The term "'financial institution' means any office of a bank . . . in any State or territory of the United States, the District of Columbia, Puerto Rico, Guam, American Samoa, or the Virgin Islands." 12 U.S.C. § 3401(1).

Thus, the Court rejects TCF Bank's position that it cannot be liable under the Act because it is not a federal body.

Nevertheless, because the "Financial Privacy Act does not impose civil liability upon individual officers, employees, or agents of financial institutions," Count X fails to state a claim against the individual TCF Defendants (Defendants Allatto, Bakow, Bussey, Pardon, Fineman and Borgstrom). *Liffiton v. Keuker*, 850 F.2d 73, 78-79 (2d Cir. 1988); 12 U.S.C. § 3417(a).

Second, the TCF Defendants contend that there are exceptions to the Financial Privacy Act that apply under the facts of this case, such that the bank cannot be held liable. They further assert that the "Bank Secrecy Act required TCF to disclose the suspicious activity to the authorities, therefore the claims brought by Plaintiffs under the Financial Privacy Act cannot be supported." (TCF Defs.' Br. at 20). The Court concludes that these grounds for relief should be considered in the context of a motion for summary judgment – not a motion to dismiss.

Accordingly, the Court shall dismiss Count X as to Defendants Allatto, Bakow, Bussey,

16

Pardon, Fineman and Borgstrom .[4]

      6.    <u>Count XI Fails To State A Claim.</u>

Count XI of Plaintiff's Amended Complaint alleges, in its entirety, "Violation of the Bank Secrecy Act 12 § 221(a)(1), and U.S.C.A. § 1829(a)1, by reporting without existing legal process." (Am. Compl. at 12).

The TCF Defendants assert that Plaintiff has failed to state a claim under either of the statutes cited by Plaintiff. The Court agrees.

Section 221 and Section 221a of Title 12 simply set forth definitions for the Federal Reserve System. 12 U.S.C. § 221 & § 221a.

In citing to § 1829(a)1, Plaintiff did not include the Title he intended to reference. Assuming that Plaintiff is referring to either 12 U.S.C. § 1829 (which prohibits persons convicted of certain crimes from owning or participating in the affairs of a federally-insured depository institution) or 12 U.S.C. § 1829a (which pertains to participation by state nonmember banks in lotteries and related activities), Plaintiff fails to state a claim against the TCF Defendants.[5]

      7.    <u>Count XII Fails To State A Claim.</u>

Count XII of Plaintiff's Amended Complaint alleges, in its entirety, "Violation of Fair Credit Reporting Act (FCRA) 15 U.S.C.A. § 1681-1681u, by reporting without subpoena or warning or notice to the Plaintiffs." (Am. Compl. at 13).

---

[4]Again, Plaintiff does not appear to assert this claim against the Oakland County Defendants. Moreover, even if he had, Plaintiff would fail to state a claim against them because they are not parties that can be held liable under § 3417(a).

[5]Plaintiff does not appear to assert this Count against the Oakland County Defendants. Moreover, even if he had, the Court would conclude that Plaintiff fails to state a claim against the Oakland County Defendants for these same reasons.

The TCF Defendants contend that Count XIII fails to state a claim against them. The Court agrees.[6]

The Fair Credit Reporting Act ("FCRA") regulates the activities of "consumer reporting agencies" in order to protect consumers. *Ross v. F.D.I.C.,* 625 F.3d 808, 812 (4th Cir. 2010); *Beaudry v. Telecheck Services, Inc.*, 579 F.3d 702, 704 (6th Cir. 2009); *Daniels v. Charter One Bank*, 39 Fed.Appx. 223, 225 (6th Cir. 2002). "A 'consumer reporting agency' is defined as 'any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.'" *Daniels, supra*, at 225. "To the extent that a bank reports 'information based solely on its own experience with one of its customers, the Bank is not acting as a 'consumer reporting agency' within the meaning of the Fair Credit Reporting Act," because it has not furnished a consumer report as that term is defined in the Act. *Id.*

Plaintiff alleges that employees of TCF Defendant verbally advised the Prosecutor that Plaintiff was seeking to withdraw large amounts of cash from the bank following his criminal conviction. Plaintiff does not state a viable FCRA claim against the TCF Defendants because the only information allegedly disclosed was information based solely on the bank's own experience with one of its customers. *Davis, supra*; 15 U.S.C. § 1681a(d)(2)(A)(I).

Accordingly, Count XII shall be dismissed.

8.    <u>Count XIII Fails To State A Claim.</u>

Count XIII of Plaintiff's Amended Complaint alleges, in its entirety, "Violation of

---

[6]Plaintiff does not appear to assert this Count against the Oakland County Defendants. Moreover, even if he had, the Court would conclude that Plaintiff fails to state a FCRA claim against the Oakland County Defendants.

U.S.C.A. 26 § 7602 of the requirement for the government to seek records only by subpoena."
(Am. Compl. at 13).

The statute apparently cited by Plaintiff, § 7602 of the Internal Revenue Code, applies to
the examination of books and witnesses by the Internal Revenue service. The statute has no
application to this case and Count XIII does not state a claim against any Defendant in this
action. Thus, Count XIII shall be dismissed as to the TCF Defendants.

9. <u>Having Dismissed All But A Portion Of One Of The Federal Claims Asserted
Against The TCF Defendants, The Court Declines To Exercise Supplemental
Jurisdiction Over Plaintiff's State-Law Claims And Shall Dismiss Those Counts.</u>

As set forth above, the Court is dismissing all but a portion of one of the federal claims
asserted against the TCF Defendants. As such, the Court must consider whether it should
exercise supplemental jurisdiction over Plaintiff's state-law claims: "Breach of Contract" (Count
II); "Breach of the Fiduciary Duty and Trust by a Bank to its clients" (Count XV); "State claims
of Gross Negligence and willful and wanton misconduct of all Defendants" (Count IX); and
"Defamation and Slander of Plaintiffs by False allegations that the attempted withdrawal was
intended for the plaintiffs to use funds to flee the United States Jurisdiction or any other illegal
action that defendants' inferred to or tried to infleuence [sic] the court's decision to revoke
Plaintiffs' bond and caused Plaintiff Nouri defamation and incarceration" (Count XVI).

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in
pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim
when:

1) the claim raises a novel or complex issue of State law;
2) the claim substantially predominates over the claim or claims over which the
district court has original jurisdiction;

3) the district court has dismissed all claims over which it has original
jurisdiction, or
4) in exceptional circumstances, there are other compelling reasons for declining
jurisdiction.

28 U.S.C. § 1367(c).

The Sixth Circuit has stated that "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply, et al.*, 465 F.3d 719 (6th Cir. 2006).

Here, the Court is dismissing all but a portion of one of Plaintiff's numerous federal claims asserted against the TCF Defendants.   Moreover, having reviewed the state law claims in Plaintiff's Amended Complaint, this Court concludes that the potential for jury confusion in this case would be great if Plaintiff's remaining federal claim against TCF Bank were presented to a jury along with Plaintiff's state-law claims.  Thus, this Court to declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and shall dismiss those claims.  *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

D.    The Oakland County Defendants' Motion To Dismiss Shall Be Granted.

In their Motion to Dismiss, the Oakland County Defendants seek dismissal of the claims asserted against them on several grounds.

1.    Plaintiff Fails To State A Claim Under Section 7602 Against The Oakland County Defendants.

Count XIII of Plaintiff's Amended Complaint alleges, in its entirety, "Violation of U.S.C.A. 26 § 7602 of the requirement for the government to seek records only by subpoena." (Am. Compl. at 13).  This Count fails to state a claim against the Oakland County Defendants for

20

the same reasons previously discussed in this Opinion & Order.

      2.     <u>Plaintiff Fails To State Any Individual Capacity Claims Against Defendant Gorcyca Or Defendant Cooper.</u>

To the extent that Plaintiff's Amended Complaint seeks to assert any claims against former Oakland County Prosecutor David Gorcyca or Jessica R. Cooper,[7] the current Oakland County Prosecutor, the Court agrees that those claims must be dismissed. Plaintiff's effort to sue these individuals under the doctrine of respondeat superior was improper absent allegations of personal involvement on the part of each. *See Monell v. New York City Dept. Of Social Svs*., 436 U.S. 658, 694 (1978); *Petty v. County of Franklin, Ohio,* 478 F.3d 341, 349 (6th Cir. 2007) (In order for either to be liable under § 1983, there "must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.").

To the extent that Plaintiff asserts claims against Defendants Gorcyca , Cooper or Jarbou in their official capacities, those claims constitute claims against Oakland County itself. *Id.*

      3.     <u>Plaintiff's Individual Capacity Claims Against Defendant Jarbou Shall Be Dismissed Because She Is Entitled To Absolute Prosecutorial Immunity.</u>

The Oakland County Defendants contend that Defendant Jarbou, who was an Assistant Oakland County Prosecutor at all relevant times, is absolutely immune from Plaintiff's claims. The Court agrees.

"A prosecutor is entitled to absolute immunity when that prosecutor acts 'as an advocate for the State' and engages in activity that is 'intimately associated with the judicial phase of the criminal process.'" *Prince v. Hicks*, 198 F.3d 607, 611 (6th Cir. 1999).

---

    [7]Plaintiff's Response Brief appears to acknowledge that he erred in suing these Defendants in their individual capacities. (Pl.'s Br. at 15).

A prosecutor is not entitled to absolute immunity when performing administrative functions or when performing "the investigative functions normally performed by a detective or police officer." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). That said, "[s]upreme Court precedent makes clear that not all investigatory functions performed by a prosecutor are outside the umbrella of absolute immunity, but only 'those investigatory functions that do not relate to an advocate's preparation for the initiation of prosecution or for judicial proceedings." *Prince*, 198 F.3d at 614 n.1 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

The Sixth Circuit has instructed that the "critical inquiry" is how "closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000). "The analytical key to prosecutorial immunity, therefore, is advocacy – whether the actions in question are those of an advocate." *Id.*

Absolute immunity for prosecutors extends beyond trial. Absolute immunity applies to adversarial acts of prosecutors during all post-trial matters, as well as "post-convictions proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003).

Thus, the question of whether Defendant Jarbou is entitled to prosecutorial immunity turns on whether the alleged actions of which Plaintiff complains were taken in her capacity as legal advocate. They were.

It is undisputed that Plaintiff had been convicted of a serious felony but was released on bond. Plaintiff alleges that after his conviction, and while Plaintiff was free on bond, employees

22

of TCF Bank took it upon themselves to call Assistant Oakland County Prosecutor Jarbou on the telephone and inform her of Plaintiff's recent actions in seeking to withdraw large amounts of cash from bank.  Plaintiff further alleges that, having been provided such information, Defendant Jarbou then filed a motion seeking to revoke Plaintiff's bond.  The trial judge ultimately granted that motion.

The conduct complained of comprises a central part of Defendant Jarbou's official duties. Defendant Jarbou's alleged actions in communicating with the TCF Defendants and in filing a motion to revoke Plaintiff's bond are intimately associated with the judicial phase and are functions of her role as an advocate.  *See, e.g. Cline v. City of North Miami*, 2010 WL 3943541 (S.D. Fla. 2010) (Prosecutors' filing of motion to revoke bond is a duty within their job description and is clearly insufficient to remove the cloak of absolute immunity.)   Plaintiff has not alleged any facts that would warrant removing the Assistant Oakland County Prosecutor's cloak of absolute immunity and subjecting her to civil liability.[8]

4.      <u>Plaintiff's Official Capacity Claims Shall Be Dismissed Because Plaintiff Has Not Alleged Sufficient Facts To Establish Municipal Liability.</u>

A local government is only liable under § 1983 for its own wrongdoing and not under any theory of respondeat superior.  *Monell, supra*, at 692-94.  To prevail on a § 1983 claim against a municipality, a plaintiff must show that the municipality's deliberate action or inaction was the "moving force" behind the constitutional violation.  *Perez v. Oakland County*, 466 F.3d 416, 430 (6th Cir. 2006).  "A plaintiff asserting a section 1983 claim on the basis of a municipal custom or

---

[8]Moreover, even if she were not entitled to absolute immunity, the Court would conclude that Plaintiff's federal civil rights claims asserted against Defendant Jarbou would fail to state a claim.

23

policy must identify the policy, connect the policy to the County itself and show that the particular injury was incurred because of the execution of that policy." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004).

The Oakland County Defendants assert that any official capacity claims asserted by Plaintiff fail because Plaintiff's complaint fails to identify an actual policy or connect such policy to the County.

The Court agrees that Plaintiff's Amended Complaint fails to state an official capacity claim because it fails to identify a County policy that was the moving force behind the alleged violations of Plaintiff's constitutional rights. Accordingly, the Court shall dismiss Plaintiff's official capacity claims.

      5.    <u>The Oakland County Prosecutor's Office Is Not An Entity Subject To Suit.</u>

The caption of Plaintiff's original complaint listed the "Oakland County Prosecutor's Office" as a named Defendant. Plaintiff's Amended Complaint deleted the Oakland County Prosecutor's Office from the caption and replaced it with the "Municipality of Oakland County." Nevertheless, perhaps because the docket still lists the Oakland County Prosecutor's Office as a Defendant in this action, Defendants ask the Court to dismiss the Oakland County Prosecutor's Office from this action because it is not a recognized legal entity that can be sued under § 1983.

The Court agrees that a county prosecutor's office is not an entity subject to suit under § 1983 and the Court shall therefore dismiss the Oakland County Prosecutor's Office from this action. *See, e.g., Hancock v. Washtenaw County Prosecutor's Office*, 548 F.Supp. 1255, 1256 (E.D. Mich. 1982); *Disney v. City of Dearborn*, 2006 WL 2193029 (E.D. Mich. 2006); *Hughson v. County of Antrim*, 707 F.Supp. 304, 306 (W.D. Mich. 1988).

CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that all claims purportedly brought on behalf of Rouwaida Nouri in this action are DISMISSED.

IT IS FURTHER ORDERED that Defendant Kirma's Motion to Dismiss is GRANTED and all claims asserted against her are DISMISSED.

IT IS FURTHER ORDERED that the TCF Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART.  The motion is DENIED to the extent that the Court declines to dismiss that portion of Count X that asserts a claim against Defendant TCF Bank.  The motion is GRANTED to the extent that the Court DISMISSES Counts I, III, IV, V, VI, VII, VIII, XI, XII, XIII, XIV, and that portion of Count X that asserts a claim against the individual TCF Defendants.

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction as to Plaintiff's remaining state-law claims and therefore DISMISSES Counts II, IX, XV, and XVI.

IT IS FURTHER ORDERED that the Oakland County Defendants' Motion to Dismiss is GRANTED and all claims asserted against the Oakland County Defendants are DISMISSED.

IT IS SO ORDERED.


Dated:  March 9, 2011                              s/ Sean F. Cox
                                                   Sean F. Cox
                                                   U. S. District Court Judge


I hereby certify that on March 9, 2011, the foregoing document was served upon counsel of

25

record by electronic means and upon Labeed Nouri by First Class Mail at the address below:

Labeed Nouri # 690310
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784

Dated:  March 9, 2011                                  s/ Jennifer Hernandez_____
                                                      Case Manager

26