UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Labeed Nouri,

    Plaintiff,

v.                                                  Case No. 10-12436

TCF Bank, *et al.*,                 Honorable Sean F. Cox

    Defendants.

_____/

**ORDER
GRANTING PLAINTIFF'S MOTION TO EXTEND TIME
FOR FILING NOTICE OF APPEAL AND
DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Acting *pro se*, on June 22, 2010, Plaintiff Labeed Nouri ("Plaintiff") filed this action asserting 16 counts against 12 different Defendants. Plaintiff paid the $350.00 filing fee when he filed this action and did not seek to proceed *in forma pauperis*.

The Defendants filed motions to dismiss, challenging all of Plaintiff's claims. Plaintiff did not ask this Court to appoint counsel to represent him at that time and continued to represent himself in this action. Plaintiff filed several motions seeking extensions of time for filing his response briefs, which were granted. Plaintiff filed written response briefs opposing Defendants's motions.

On March 9, 2011, this Court issued an Opinion & Order (Docket Entry No. 49), wherein the Court dismissed all of Plaintiff's claims, with the exception of one claim against Defendant TCF Bank. Thus, the only claim that remains in this action is that portion of Count X that asserts a claim against TCF Bank.

On April 11, 2011, Plaintiff filed a "Motion to Extend Time for Filing a Notice of Appeal" (Docket Entry No. 51), wherein he asks this Court to grant him a 30 day extension for filing a notice of appeal, pursuant to FED. R. APP. P. 4(a)(5)(B).  Having considered this motion, the Court shall GRANT this motion and extend the time for filing a notice of appeal by 30 days.

Plaintiff has also filed a "Motion to Appoint Counsel" (Docket Entry No. 53), wherein he asks this Court to appoint counsel to represent him in this action, pursuant to 28 U.S.C. § 1915(e)(1).  Having considered this motion, the Court shall DENY Plaintiff's motion for appointment of counsel.

"Appointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 60, 605-06 (6th Cir. 1993).  Rather, it "is a privilege that is justified only by exceptional circumstances."  In determining whether exceptional circumstances exist, courts have examined the plaintiff's financial resources, the efforts the plaintiff has made to obtain counsel on his own, the type of case, and the abilities of the plaintiff to represent himself.  *Lavado*, 992 F.2d at 6060; *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985).

Plaintiff has not established that he lacks the financial resources to obtain counsel. 28 U.S.C. § 1915 governs proceedings *in forma pauperis* and §1915(e)(1) provides that a court "may request an attorney to represent any person unable to afford counsel."  Before a court can allow an individual to proceed *in forma pauperis*, that litigant must file an application requesting to proceed *in forma pauperis*, along with an affidavit that includes a statement of all assets of that individual.  *See* 28 U.S.C. § 1915(a)(1).

Here, Plaintiff paid the $350.00 filing fee, did not request to proceed *in forma pauperis*, and has not submitted an affidavit including a statement of all of his assets.  Although his motion seeking appointment of counsel asserts that he is "without the funds necessary to hire counsel"

(Docket Entry No. 53 at 5), Plaintiff does not support that assertion with an appropriate affidavit or any other documentation. Moreover, given the background of this action (*see* Docket Entry No. 49 at 3), this is not simply a technical failure. Rather, the Court has genuine doubts as to Plaintiff's claim that he cannot afford to hire an attorney.

Plaintiffs assertion that he has unsuccessfully sought pro bono representation is also unsupported by an affidavit or any supporting documentation.

The Court concludes that consideration of the type of case and the abilities of Plaintiff to represent himself also do not warrant the appointment of counsel. There is only one remaining claim in this action and it is not a complex claim. Moreover, Plaintiff is a highly educated individual and his actions to date indicate that he has access to legal resources and is able to adequately represent himself in this matter. Plaintiff has followed and cited the relevant court rules, has filed several successful motions in this action, and articulated coherent legal arguments in opposing Defendant's motions.

Thus, for all these reasons, the Court concludes that exceptional circumstances do not exist such that counsel should be appointed for Plaintiff.

Accordingly, IT IS ORDERED that Plaintiff's motion seeking an extension of 30 days to file a notice of appeal IS GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion seeking appointment of counsel IS DENIED.

IT IS SO ORDERED.

Dated:  April 25, 2011                                          S/ Sean F. Cox            
                                                                                Sean F. Cox
                                                                                U. S. District Court Judge

I hereby certify that on April 25, 2011, the foregoing document was served upon counsel of

record by electronic means and upon Labeed Nouri by First Class Mail at the address below:

Labeed Nouri
690310
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784

Dated:  April 25, 2011                                            S/ Jennifer Hernandez
                                                                                  Case Manager