UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABEED NOURI,

        Plaintiff,                    CIVIL ACTION NO. 10-12436

v.                                    DISTRICT JUDGE SEAN F. COX

TCF BANK,                        MAGISTRATE JUDGE MARK A. RANDON

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 80)**

      Plaintiff Labeed Nouri filed an amended complaint against Defendant TCF Bank for violation of his rights under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3400 *et seq*. TCF Bank's motion for summary judgment is pending (Dkt No. 80). Judge Sean F. Cox referred the motion to this Magistrate Judge for a report and recommendation. (Dkt. No. 82).

      TCF Bank seeks summary judgment of this case on three grounds: (1) that the RFPA is not applicable when disclosure is made pursuant to a federal statue; (2) that the RFPA is not applicable in this case because TCF Bank did not disclose Plaintiff's financial records to a federal authority; and (3) that the bank secrecy act protects TCF Bank from any liability. Because TCF Bank's second argument is correct and dispositive of Plaintiff's claims, **IT IS RECOMMENDED** that TCF Bank's motion for summary judgment be **GRANTED** and the case be **DISMISSED** with prejudice.

**I. BACKGROUND**

A.    **Factual Background**

      After being convicted of one count of first-degree criminal sexual conduct and two counts of fourth-degree criminal sexual conduct in Oakland County Circuit Court, Plaintiff Labeed Nouri

remained free on a $25,000 cash or surety bond while awaiting his sentence. The day after his conviction, Plaintiff and his wife sought to withdraw over $160,000 in cash from their TCF Bank account(s). TCF Bank employees who were aware of Plaintiff's recent criminal conviction, contacted the Assistant Oakland County Prosecutor to inform her of the Nouris' attempted cash withdrawal. Based in part on this information, the prosecutor successfully moved to revoke Plaintiff's bond.

Plaintiff was ultimately sentenced to 10 to 20 years for the first-degree criminal sexual conduct conviction and 16 months to two years for each of the fourth-degree criminal sexual conduct convictions. Plaintiff appealed. However, approximately three years after his bond was revoked, Plaintiff was released pursuant to a plea agreement with the Oakland County Prosecutor in response to new evidence that the complainant had perjured herself at Plaintiff's criminal trial. Plaintiff alleges that, but for TCF Bank's violation of the RFPA, he would have remained free on bond. (Dkt. No. 84, p. 8).

**B.      Procedural Background**

Plaintiff filed an amended complaint on October 13, 2010 (Dkt. No. 17). Plaintiff accused TCF Bank and several other defendants of 16 counts of violations related to his post-conviction detention (Dkt. No. 17). Judge Cox dismissed 15 of the 16 counts on March 9, 2011 (Dkt. No. 49). The remaining count (Count X) reads, in full, "Violation of the Financial Privacy Act 12 U.S.C.A. § 3401-3422, by [TCF Bank's] unauthorized disclosure of [Plaintiff's] financial records." (Dkt. No. 17). The matter is currently before the Court on TCF Bank's motion for summary judgment.

## II. ANALYSIS

**A.    Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure, provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the Supreme Court's decision in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), provides guidance.  The Court rejected a standard which required moving parties to support their motions for summary judgment with an affirmative evidentiary showing which tended to negate the essential elements of plaintiff's case. *Celotex Corp.*, 477 U.S. at 324.  Instead the Court said, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325.

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. *See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al.*, 475 U.S. 547, 587 (1986); *see also B.F. Goodrich Co. v. United States Filter Corp.*, 245 F.3d 587, 591-92 (6th Cir. 2001).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587.  The opposing party cannot merely rest upon the allegations contained in his pleadings.  Rather, he must submit evidence demonstrating that material issues of fact exist. *Banks v. Wolfe County Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e).  "Where the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**B.     TCF Bank, is Not Liable under a Plain Reading of 12 U.S.C. §§ 3401, 3403 and 3417.**

Plaintiff alleges that TCF Bank violated his rights under the RFPA (Dkt. No. 17). "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). If an act's "language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case," further inquiry is unnecessary. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); accord *Roberts ex rel. Wipfel v. Hamer*, 655 F.3d 578, 582-83 (6th Cir. 2011) ("We begin with the cardinal rule of statutory interpretation: '[T]he meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain ... the sole function of the courts is to enforce it according to its terms. If the words are plain ... it is neither the duty nor the privilege of the courts to enter speculative fields in search of a different meaning.'" (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917))).

Violations of the RFPA are outlined in **§§** 3403 and 3417. Section 3417 states that "[a]ny agency or department of the United States or financial institution obtaining or disclosing financial records or information contained therein in violation of this chapter is liable to the customer to whom such records relate." 12 U.S.C. **§** 3417. The confidentiality of financial records is defined in **§** 3403 that, "[n]o financial institution, or officer, employees, or agent of a financial institution, may provide to any Government authority access to or copies of, or the information contained in, the financial records of any customer except in accordance with the provisions of this chapter." 12 U.S.C. **§** 3403. Finally, a "government authority" is defined in 3401(3): "'Government authority'

means any agency or department *of the United States*, or any officer, employee, or agent thereof[.]" 12 U.S.C. § 3401(3) (emphasis added).

A plain reading of these sections demonstrates that TCF Bank is not liable to Plaintiff as a matter of law because it did not disclose Plaintiff's financial information to a government authority. Defendant provided information to the Oakland County Prosecutor.[1]  Congress has defined "government authority" to be a federal government authority. 12 U.S.C. § 3401(3).  The Oakland County Prosecutor is not a federal government authority; thus, the RFPA does not provide Plaintiff with a cause of action and Defendant's motion must be granted as a matter of law. *See*, *Ismail v. Old Kent Bank & Trust Co.*, 893 F.3d 1334, No. 89-1495, 1990 WL 3492 (6th Cir. Jan. 19, 1990)(unpublished table opinion) ("[t]he RFPA restricts the ability of the *federal government* to obtain access to an individual's financial records")(emphasis added).

**C.     The Legislative History of the RFPA Supports A Conclusion That The RFPA Does Not Govern Disclosures to State Authorities**

Plaintiff argues that based on a combined reading of §§ 3403 and 3417, TCF Bank, a financial institution, improperly provided access to Plaintiff's financial information.  While Plaintiff's contention is belied by the plain reading of the statute.  The legislative history provides a further basis to reject Plaintiff's offered reading of § 3417.

Congress created the RFPA in response to the Supreme Court's decision in *United States v. Miller*, 425 U.S. 435 (1976) that banking customers had no right to privacy of their financial

---

[1] Plaintiff further asserts, upon his information and belief, that Defendant may have provided access to Plaintiff's financial records to others. (Dkt. No. 84 at P 6). However, Plaintiff never avers that Defendant provided access to any federal authority and no facts, at present, support that Defendant has provided any federal authority access to Plaintiff's financial records.

records. H.R. Rep. No. 95-1383, at 34 (1978). Furthermore, in its consideration during the creation of the RFPA, Congress explicitly noted that:

> [I]t is important to note that the scope of this title is limited to officials of Federal agencies and departments and to employees of the United States. This limitation reflects our belief that legislation affecting state and local government is the proper province of the respective State governments and of the Conference of Commissioners on Uniform State laws. We believe that grave constitutional and political issues would have been raised if this title had applied to other levels of Government. Several States . . . have enacted financial privacy statues of their own. This is a movement which deserves both our support and our forbearance.

H.R. Rep. No. 95-1383, at 247 (1978).

Because Congress specifically concluded that the RFPA only prohibits disclosures from financial institutions to federal government authorities and TCF Bank disclosed Plaintiff's financial information to the Oakland County Prosecutor, who is not a federal government authority, no issue of material fact remains, and this action must be dismissed as a matter of law.

## **CONCLUSION**

Plaintiff's allegation that TCF Bank provided the Oakland County Prosecutor access to his financial information does not meet the requirements of a violation of the RFPA. The RFPA specifically proscribes disclosures from financial institutions to federal government authorities only. Accordingly, this Magistrate Judge **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED** and that the case be **DISMISSED.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.

1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

      s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: February 10, 2012

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 10, 2012.

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*